UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 20-1478 JGB (SHKx)** | Date | October 29, 2020 |
| Title | *Albert Diaz v. Ford Motor Company* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) DENYING Plaintiff's Motion to Remand (Dkt. No. 10); and (2) VACATING the November 2, 2020 Hearing (IN CHAMBERS)

Before the Court is a Motion to Remand filed by Plaintiff Albert Diaz. ("Motion," Dkt. No. 10.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court DENIES the Motion. The Court vacates the hearing set for November 2, 2020.

## I.   BACKGROUND

On June 15, 2020, Plaintiff filed his Complaint in the Superior Court of California for the County of Riverside against Defendants Ford Motor Company and Does 1 through 20. ("Complaint," Dkt. No. 1-1.) The Complaint alleges two causes of action: (1) breach of implied warranty of merchantability under the Song-Beverly Warranty Act; and (2) breach of express warranty under the Song-Beverly Warranty Act. (Compl. ¶¶ 14-34.)

On July 24, 2020, Defendant Ford Motor Company ("Ford") removed the action to federal court, arguing that there is diversity jurisdiction. ("Notice of Removal," Dkt. No. 1.) Plaintiff filed the Motion on September 25, 2020. On October 9, 2020, Defendant filed an Opposition. ("Opposition," Dkt. No. 11.) Plaintiff replied on October 19, 2020. ("Reply," Dkt. No. 13.)

## II.   FACTUAL ALLEGATIONS

On or about November 18, 2017, Plaintiff purchased a new 2017 Ford Super Duty F-250 SRW ("Vehicle"), which Defendant manufactured. (Compl. ¶¶ 4-5.) Along with the purchase of the Vehicle, Plaintiff received a series of written, express, and implied warranties. (Id. ¶ 7.) Plaintiff has delivered the Vehicle to Defendant's authorized service and repair facilities on at least two occasions for defects and malfunctions, specifically for issues with steering/suspension. (Id. ¶¶ 9-10.) Each time, Plaintiff notified Defendant of the defects, malfunctions, misadjustments, and/or nonconformities. (Id. ¶ 11.) In each occasion, Defendant represented to Plaintiff that it could and would conform the Vehicle to the applicable warranties, that they in fact did so, and that all defects, malfunctions, misadjustments, and/or nonconformities had been repaired. (Id. ¶ 12.) However, they continue to exist despite the number of repair attempts. (Id.)

## III.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). Courts must resolve doubts regarding removability in favor of remanding the case to state court. Id.

## IV.   DISCUSSION

Plaintiff argues that removal was improper because Defendant has not established by a preponderance of the evidence that the controversy exceeds $75,000. (Mot. at 3-4.) Defendant responds that the jurisdictional amount in controversy is facially apparent from Plaintiff's Complaint. (Opp'n at 8.) The Court agrees with Defendant.

Where a complaint "alleges damages in excess of the federal amount-in-controversy requirement. . .then the amount-in-controversy requirement is presumptively satisfied unless it appears to a legal certainty that the claim is actually for less than the jurisdictional minimum." Mireles v. Wells Fargo Bank, N.A., 845 F. Supp. 2d 1034, 1049 (C.D. Cal. 2012) (internal quotations omitted); see also Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir.

2007) (noting that "when a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount").

The Complaint alleges:

The amount in controversy exceeds TWENTY-FIVE THOUSAND DOLLARS ($25,000), exclusive of interest and costs, for which Plaintiff seeks judgment against Defendants, together with equitable relief.  In addition, Plaintiff seeks damages from Defendants, and each of them, for incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees.

(Compl. ¶ 13.)  As Defendant points out, these allegations are identical to plaintiff's allegations in Bernstein v. BMW of N. Am., 2018 WL 2210683 (N.D. Cal. May 15, 2018), where the court held that the amount in controversy was evident from the face of the complaint.  (Opp'n at 11.)  They also perfectly mirror the allegations in Astudillo-Bautista, et al. v. Ford Motor Co., 2020 WL 6306232 (C.D. Cal. Oct. 27, 2020), where, applying the same rationale, the court came to the same conclusion.

Here, as in Bernstein and Astudillo-Bautista, in addition to the $25,000 at issue, Plaintiff seeks incidental, consequential, exemplary, and actual damages, as well as attorneys' fees and costs.  Under the Song-Beverly Act, Plaintiff may seek civil penalties of twice the amount of the actual damages.  Cal. Civ. Code §§ 1794(c),(e).  These penalties would amount to $50,000 (twice the alleged damages of at least $25,000), bringing the potential damages to $75,000, not including attorneys' fees.[1]  Thus, as in those cases, that the amount in controversy exceeds $75,000 is evident from the face of the Complaint.  See also McDonald v. BMW of N. Am., LLC, 2017 WL 5843385, at *1-2 (S.D. Cal. Nov. 28, 2017) ("The complaint states that Plaintiff's damages exceed $25,000, and prays for actual damages, statutory penalties of two times actual damages, attorney's fees and punitive damages ... BMW []could have multiplied $25,001 (the minimum amount of damages alleged in the complaint) by three to determine that Plaintiff seeks, at a minimum, in excess of $75,000, not including attorney's fees or punitive damages.").

Plaintiff makes no effort to distinguish Bernstein or McDonald, or to explain why the Court should depart from those analogous cases.[2]  Rather, Plaintiff counters that paragraph 13 "serves only to establish that the amount in controversy meets the requirement for this case to be considered an unlimited civil case" in state court and "is merely a statement that the total amount in controversy is over $25,000."  (Reply at 3.)  The Complaint, however, specified that

---

[1] "Courts as a matter of law, calculate the amount in controversy based upon the maximum amount of civil penalties available to plaintiff."  Saulic v. Symantec Corp., 2007 WL 5074883, at *4 (C.D. Cal. Dec. 26, 2007).

[2] The Astudillo-Bautista order was issued on October 27, 2020, after the Motion was fully briefed.  That case, however, applied Bernstein and McDonald.

the $25,000 is "exclusive of" and "[i]n addition" to other costs and damages, making clear that these would not be subsumed within that total figure.

Because the Complaint alleges the jurisdictional minimum on its face, and it does not appear to a "legal certainty" that Plaintiff cannot actually recover that amount, the Court finds that the amount in controversy requirement is satisfied. The Court therefore DENIES Plaintiff's Motion.

## V. CONCLUSION

For the reasons above, the Court DENIES Plaintiff's Motion to Remand. The November 2, 2020 hearing is VACATED.

**IT IS SO ORDERED.**